## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

GERARD JACKSON, individually and : 
on behalf of all others similarly situated, : 
               Plaintiff : 
                : 
         v. : NO. 4:23-CV-01569-MWB
                : (Judge Brann)
DIRECT BUILDING SUPPLIES LLC : 
d/b/a RENU SOLAR, : **JURY TRIAL DEMANDED**
           Defendant : Electronically Filed

### DEFENDANT DIRECT BUILDING SUPPLIES LLC D/B/A RENU SOLAR'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Direct Building Supplies LLC, by its attorneys, Tucker Arensberg, P.C., respectfully submits this Answer with Affirmative Defenses and Counterclaim to Plaintiff's First Amended Complaint.

### Preliminary Statement

1.    Denied.    The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

2.    Denied.    The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a

response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

3.      Denied.  It is specifically denied that Plaintiff had not provided consent to receive calls.  It is further denied that any calls allegedly placed to Plaintiff violated the TCPA.  Strict proof thereof is demanded at the time of trial.

4.      Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendant specifically denies the insinuation that any of the calls Plaintiff allegedly received were placed using an automatic telephone dialing system or other technology "capable of generating thousands of similar calls."  By way of further response, Plaintiff makes no allegations that Defendant or its employees or agents used an automatic telephone dialing system or other predicative dialing system.  Strict proof thereof is demanded at the time of trial.

5.      Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

## Parties

6.      Admitted in part and denied in part.  It is admitted only that Plaintiff is who he claims to be.  To the extent a response is deemed to be required, Defendant

is without knowledge or information sufficient to form a belief as to the averments set forth in this paragraph.  The same are therefore denied and strict proof thereof is demanded at the time of trial.

7.     Admitted.

## Jurisdiction & Venue

8.     Admitted in part and denied in part.  It is admitted only that Plaintiff's First Amended Complaint purports to infer jurisdiction pursuant to the statutes identified therein.  All remaining allegations are specifically denied, and strict proof thereof is demanded at the time of trial.

9.     Admitted in part and denied in part.  It is admitted only that Plaintiff's First Amended Complaint purports to infer jurisdiction pursuant to the statutes identified therein.  All remaining allegations are specifically denied, and strict proof thereof is demanded at the time of trial.

10.     Admitted in part and denied in part.  It is admitted only that Plaintiff's First Amended Complaint purports to infer jurisdiction pursuant to the statutes identified therein.  All remaining allegations are specifically denied, and strict proof thereof is demanded at the time of trial.

## TCPA Background

11.     Denied.     The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a

response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

12.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

13.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

14.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

### **Factual Allegations**

15.     Denied as stated.  It is specifically denied Defendant "offers solar services," and strict proof thereof is demanded at the time of trial.

16.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, it is denied that Defendant, or its employees,

agents or representatives are legally responsible for the action of third-party companies that allegedly contacted Plaintiff to solicit products.   By way of further response, it is specifically denied that Plaintiff did not consent to be called and strict proof thereof is demanded at the time of trial.

17.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

18.     Denied as stated.   Defendant is without knowledge or information sufficient to form a belief as to whether the partially redacted telephone number averred by Plaintiff is on the National Do Not Call Registry for more than a year. Strict proof thereof is demanded at the time of trial.

19.     Denied.  It is specifically denied that the number alleged by Plaintiff constitutes a residential telephone number.  By way of further response, Plaintiff has filed numerous lawsuits claiming differing phone numbers as his "residential telephone number."  As alluded to within the First Amended Complaint, Plaintiff filed a prior lawsuit in the Court of Common Pleas for Centre County in 2021 wherein he alleged a violative call was placed to him on his purported residential phone number at (814) 238-5007.  See generally, *Gerard F. Jackson v. Direct Building Supplies LLC d/b/a ReNu Solar*, Docket No. 2021-23, Court of Common

Pleas for Centre County, Pennsylvania.  Defendant is aware of several other TCPA lawsuits before this Court wherein Plaintiff asserts his residential phone line is both (814) 876-XXXX **and** (814) 238-XXXX.

20.    Denied as stated.  By way of further response, Defendant incorporates the answer set forth at Paragraph 19 by reference as if set forth herein at length.

21.    Denied as stated.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and the same are therefore denied.  Strict proof thereof is demanded at the time of trial.

22.    Denied as stated.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and the same are therefore denied.  Strict proof thereof is demanded at the time of trial.

23.    Admitted in part and denied in part.  It is admitted only that Plaintiff initiated a lawsuit against Defendant in September 2021 in the Court of Common Pleas of Centre County, Pennsylvania.  It is denied that Defendant or its employees placed any unsolicited telemarketing calls to Plaintiff.  After the parties resolved the State Court lawsuit docketed at Docket No. 2021-23 to each side's satisfaction, Plaintiff's residential phone number of (814) 238-5007 was placed onto Defendant's

do-not-call list.  Plaintiff files the instant lawsuit claiming Defendant called him on the purported residential number of (814) 876-XXXX.

24.    Denied.  It is specifically denied that Defendant or its employees placed telemarketing calls to Plaintiff.  It is further denied that Plaintiff has not provided express prior consent to be contacted on (814) 876-XXXX and strict proof thereof is demanded.

25.    Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and the same are therefore denied.  Strict proof thereof is demanded at the time of trial.

26.    Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and the same are therefore denied.  Strict proof thereof is demanded at the time of trial.

27.    Denied.  It is specifically denied Plaintiff had not provided express written consent to be contacted at the telephone number (814) 476-XXXX.  By way of further response, during the subject call at issue, Plaintiff willingly spoke with a representative of TechMedia Group.  Only after Plaintiff scheduled an appointment seeking to purchase products from Defendant did Plaintiff speak with an employee of Defendant.  Furthermore, to the extent any call was placed to Plaintiff to (814)

476-XXXX, it was made after Defendant received express written consent for contact from an individual named "Barry Johnson," to contact that number.  By way of further response, audio recordings exist of these purportedly offending calls. Plaintiff had submitted consent data to Defendant utilizing a fake name of "Barry Johnson" and a fake e-mail address, but providing Defendant with the above telephone number and his home address.  When Defendant contacted Plaintiff pursuant to this consent, Plaintiff responded and answered as "Barry Johnson," and proceeded to feign interest in Defendant's products.  Plaintiff proceeded to obtain enough information concerning Defendant to file the instant lawsuit but once asked for his real name, Plaintiff hung up on Defendant's representative.

28.    Denied.  It is specifically denied Plaintiff had not provided express written consent to be contacted at the telephone number (814) 476-XXXX.  By way of further response, during the subject call at issue, Plaintiff willingly spoke with a representative of TechMedia Group.  Only after Plaintiff scheduled an appointment seeking to purchase products from Defendant did Plaintiff speak with an employee of Defendant.  Furthermore, to the extent any call was placed to Plaintiff to (814) 476-XXXX, it was made after Defendant received express written consent for contact from an individual named "Barry Johnson," to contact that number.  By way of further response, audio recordings exist of these purportedly offending calls. Plaintiff had submitted consent data to Defendant utilizing a fake name of "Barry

Johnson" and a fake e-mail address, but providing Defendant with the above telephone number and his home address. When Defendant contacted Plaintiff pursuant to this consent, Plaintiff responded and answered as "Barry Johnson," and proceeded to feign interest in Defendant's products. Plaintiff proceeded to obtain enough information concerning Defendant to file the instant lawsuit but once asked for his real name, Plaintiff hung up on Defendant's representative.

29.     Denied.  It is specifically denied Plaintiff had not provided express written consent to be contacted at the telephone number (814) 476-XXXX.  By way of further response, during the subject call at issue, Plaintiff willingly spoke with a representative of TechMedia Group.  Only after Plaintiff scheduled an appointment seeking to purchase products from Defendant did Plaintiff speak with an employee of Defendant.  Furthermore, to the extent any call was placed to Plaintiff to (814) 476-XXXX, it was made after Defendant received express written consent for contact from an individual named "Barry Johnson," to contact that number.  By way of further response, audio recordings exist of these purportedly offending calls. Plaintiff had submitted consent data to Defendant utilizing a fake name of "Barry Johnson" and a fake e-mail address, but providing Defendant with the above telephone number and his home address. When Defendant contacted Plaintiff pursuant to this consent, Plaintiff responded and answered as "Barry Johnson," and proceeded to feign interest in Defendant's products.  Plaintiff proceeded to obtain

enough information concerning Defendant to file the instant lawsuit but once asked for his real name, Plaintiff hung up on Defendant's representative.

30.    Denied.  After reasonable investigation, Defendant is without sufficient information or knowledge to form a belief as to the truth of the information contained in this paragraph and therefore said averments are denied.

31.    Denied.  After reasonable investigation, Defendant is without sufficient information or knowledge to form a belief as to the truth of the information contained in this paragraph and therefore said averments are denied.

32.    Denied as stated.  It is specifically denied that the e-mail sent by Mr. Dimpsey "confirmed the unsolicited telemarketer" for the prior calls which lack description and strict proof thereof is demanded.  By way of further response, after submitting a consent to be contacted and feigning interest in the Defendant's products, an e-mail was sent to "Barry Johnson," at his request by an individual named Jacob Dimpsey.  Mr. Dimpsey commences the e-mail by stating "Hi Barry," and further confirms "Barry Johnson's" request for an energy analysis from Defendant.

33.    Admitted only that Plaintiff commenced a lawsuit against Defendant.

34.    Denied.  It is specifically denied that Plaintiff received any "telemarketing calls," that he did not consent to receive and strict proof thereof is demanded at trial.

35.     Denied. It is specifically denied that Plaintiff received any "telemarketing calls," that he did not consent to receive, and strict proof thereof is demanded at trial.

36.     Denied. After reasonable investigation, Defendant is without sufficient information or knowledge to form a belief as to the truth of the information contained in this paragraph and therefore said averments are denied.

37.     Denied. After reasonable investigation, Defendant is without sufficient information or knowledge to form a belief as to the truth of the information contained in this paragraph and therefore said averments are denied.

38.     Admitted in part and denied in part. It is admitted only that Defendant provided an audio recording of a phone call to Plaintiff's counsel. The remaining balance of averments are denied and strict proof thereof is demanded.

39.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof demanded at the time of trial.

40.     Denied. It is explicitly denied Plaintiff has never provided consent to be called and strict proof thereof demanded at the time of trial.

41.     Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a

response is deemed required, said averments are specifically denied and strict proof thereof demanded at the time of trial.

## Class Action Allegation

42.   Denied.   The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

43.   Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.  By way of further response, it is denied that Plaintiff is a member of the putative Class or that the putative Class is legally permissible.

44.   Admitted in part and denied in part.  It is admitted only that Defendant and its employees and agents are excluded from the putative Class.  The remaining balance of averments set forth in this Paragraph are specifically denied.

45.   Denied.   The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

46.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof demanded is at the time of trial.

47.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

48.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.  By way of further response, it is specifically denied Plaintiff did not provide express consent to be contacted.

49.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.  By way of further response, it is specifically denied Plaintiff did not provide express consent to be contacted.

a. It is specifically denied Defendant systematically made telephone calls to members of the National Do Not Call Registry Class who did not provide express consent to be contacted.

b. It is specifically denied Defendant systematically made telephone calls to members of the National Do Not Call Registry Class who did not provide express consent to be contacted.

c. It is specifically denied Defendant's conduct violated the TCPA.

d. It is specifically denied that Plaintiff or any putative class members suffered damages or that defendant has engaged in any unlawful conduct.

50. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial. By way of further response, it is specifically denied Plaintiff did not provide express consent to be contacted.

51. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial. By way of further response, it is specifically denied Plaintiff did not provide express consent to be contacted.

14

52.     Denied.  The  averments  set  forth  in  this  paragraph  constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

53.     Denied.  The  averments  set  forth  in  this  paragraph  constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

54.     Defendant incorporates the forgoing paragraphs by reference as if fully set forth at length herein.

55.     Denied.  The  averments  set  forth  in  this  paragraph  constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

56.     Denied.  The  averments  set  forth  in  this  paragraph  constitute conclusions of law to which no responsive pleading is required.  To the extent a

response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

57.    Denied.   The   averments   set   forth   in   this   paragraph   constitute conclusions of law to which no responsive pleading is required.   To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

58.    Denied.   The   averments   set   forth   in   this   paragraph   constitute conclusions of law to which no responsive pleading is required.   To the extent a response is deemed to be required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE,  Defendant,  Direct  Building  Supplies,  LLC,  respectfully requests that the Court enter judgment in its favor and against Plaintiff together with costs, fees, disbursements and any other relief deemed appropriate by this Court.

## <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense

Plaintiff's First Amended Complaint fails to set forth a claim in whole or in part upon which relief may be granted as a matter of law.

### Second Affirmative Defense

Plaintiff's claims are barred or limited by the doctrine of unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred or limited by the doctrines of waiver, estoppel and/or laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by reason of his failure to join necessary parties to this action.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages, failed to timely mitigate damages, and/or the damages sought are too speculative and not subject to well-founded proof.

### Sixth Affirmative Defense

Plaintiff's claims are barred because Defendant did not place a single call to Plaintiff or any putative class member that violated the TCPA.

### Seventh Affirmative Defense

Plaintiff's claims are barred where Plaintiff and members of the putative class provided prior express consent as defined under the TCPA to be contacted regarding solar products.

### Eighth Affirmative Defense

Plaintiff's claims against Defendant are barred where no agency relationship exists between Defendant and any company or individual that allegedly placed a call to Plaintiff or any putative class member in violation of the TCPA.

### Ninth Affirmative Defense

Plaintiff's claims against Defendant are barred where Plaintiff fraudulently induced phone calls to be placed to him on phone numbers registered to the National Do Not Call Registry

### Tenth Affirmative Defense

Plaintiff's claims against Defendant are barred where Plaintiff and members of the putative class of the had an established business relationship with Defendant.

### Eleventh Affirmative Defense

Plaintiff's claims are barred where Plaintiff and members of the putative class had an established business relationship with Defendant's alleged agents.

### Twelfth Affirmative Defense

Plaintiff's claims against Defendant are barred where Plaintiff provided Defendant's purported agents with prior express consent prior to receiving any call from any of Defendant's purported agents.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, where Plaintiff intentionally owns multiple phone numbers for purposes of orchestrating TCPA litigation.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered by Plaintiff was caused by independent third parties.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were not the proximate, legal or actual cause of any alleged damages or injury allegedly sustained by Plaintiff.

### Sixteenth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, where Plaintiff lacks standing to bring a claim under the TCPA on behalf of himself or on behalf of others.

### Seventeenth Affirmative Defense

Defendant is entitled to reasonable attorney's fees, expenses and costs under the TCPA.

### Eighteenth Affirmative Defense

Defendant asserts all defenses available to it under the TCPA, 47 U.S.C. § 227 *et seq.*

### Nineteenth Affirmative Defense

Plaintiff's claim for injunctive relief is barred, in whole or in part, where Plaintiff cannot show Defendant's conduct satisfies the requirements for injunctive relief under TCPA.

### Twentieth Affirmative Defense

Plaintiff's proposed Class fails to meet the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

### Twenty-First Affirmative Defense

Plaintiff's proposed Class fails to meet the commonality requirement of Fed. R. Civ. P. 23(a)(2).

### Twenty-Second Affirmative Defense

Plaintiff's proposed Class fails to meet the typicality requirement of Fed. R. Civ. P. 23(a)(3).

### Twenty-Third Affirmative Defense

Plaintiff will not adequately and fairly protect the interest of the proposed Class, as required by Fed. R. Civ. P. 23(a)(4).

### Twenty-Fourth Affirmative Defense

Plaintiff's proposed Class fails to meet the requirements of Fed. R. Civ. P. 23(b).

**Twenty-Fifth Affirmative Defense**

Plaintiff's claims fail, in whole or in part, because Plaintiff is not an adequate representative of the proposed Class.

**Twenty-Sixth Affirmative Defense**

Plaintiff's claims fail where a class action is not superior under Fed. R. Civ. P. 23(b), and where the trying the issues of this matter on a class-wide basis in unmanageable.

**Twenty-Seventh Affirmative Defense**

Plaintiff's claims against Defendant are barred where members of the putative Class provided Defendant's purported agents with prior express consent prior to receiving any call from any of Defendant's purported agents.

**Twenty-Eighth Affirmative Defense**

Defendant intends to rely upon such other and further Affirmative Defenses as may appear applicable through discovery proceedings, and reserves the right to amend its Answer to reflect such other Affirmative Defenses.

WHEREFORE, Defendant, Direct Building Supplies, LLC, respectfully requests that the Court enter judgment in its favor and against Plaintiff, together with costs, attorney's fees, disbursements and any other relief deemed appropriate by this Court.

<u>**COUNTERCLAIM**</u>

**Direct Building Supplies, LLC v. Gerard Jackson**

**STATEMENT OF FACTS IN SUPPORT OF COUNTERCLAIM.**

1.      Plaintiff can be considered a serial litigant asserting claims under the Telephone Consumer Protection Act, 42 U.S.C. § 227 (hereinafter "TCPA").

2.      A review of the docket for the United States District Court for the Middle District of Pennsylvania shows Plaintiff has filed upwards for 20 lawsuits alleging violations of the TCPA since 2018, asserting violative calls had been placed to him at several different telephone numbers.

3.      It is unknown how many TCPA lawsuits Plaintiff has filed in Pennsylvania state courts.

4.      Given the significant amount of TCPA lawsuits filed by Plaintiff against various defendants, it is unclear how Plaintiff continues to receive so many allegedly violative calls, or why Plaintiff has not changed his phone numbers to preclude himself from these calls he deems to be a nuisance and invasion of his privacy.

5.      Plaintiff recently filed a lawsuit against Defendant before the Court of Common Pleas of Centre County, Pennsylvania at docket number 2021-231.

6.      In that lawsuit, Plaintiff alleged Defendant contacted him in violation of the TCPA on his cell phone number of (814) 238-5007.

7.     The parties resolved that matter in April 2021, and Defendant added Plaintiff to its "do-not-call" list.

8.     In the instant lawsuit, Plaintiff alleges he was contacted on his cell phone number of (814) 876-0466 in violation of the TCPA, among other claims.

9.     Prior to Plaintiff receiving any calls from Defendant, Plaintiff consented to being contacted by submitting "opt-in" data requesting a phone call to a third-party vendor.

10.     This opt-in data provided Plaintiff's phone number of (814) 876-0466, and Plaintiff's home address of 216 Hickory Road, State College, PA 16801.

11.     This opt-in data however listed the registrant as an individual named "Barry Johnson," and an apparent fake e-mail address of "bluebrrd@gmail.com."

12.     Having received consent to contact Plaintiff, the third-party vendor contacted Plaintiff at (814) 876-0466 on September 28, 2021.

13.     Plaintiff was then transferred to Defendant's representative after confirming his interest in purchasing Defendant's products.

14.     During this call, Plaintiff responds to his name as "Barry," and "Mr. Johnson," and feigned an interest in purchasing solar products from Defendant.

15.     Plaintiff proceeded to provide his home address of 216 Hickory Road, an e-mail address of "bluebird3224@gmail.com," to Defendant and requested an at home appointment with Defendant to purchase solar products.

16.     Plaintiff and Defendant confirmed an appointment at Plaintiff's home on Friday, October 8, 2021, at 6 pm.

17.     After confirming this appointment, Plaintiff asked Defendant to send him an e-mail regarding the details of Defendant's company to the "bluebird3224@gmail.com," address so that Plaintiff could "review the company performing the work."

18.     When asked for his real name and his wife's name, Plaintiff promptly hung up the phone.

19.     Defendant's representative, Jacob Dimpsey, then sent an e-mail to Plaintiff at the "bluebird3224@gmail.com," address confirming the appointment for October 8, 2021.

20.     Based on the opt-in data Plaintiff submitted, Mr. Dimpsey addressed the e-mail to "Barry."

21.     In response, Plaintiff sent an e-mail stating he was no longer interested in Defendant's products and asking that Defendant provide him a written copy of their "do-not-call," policy.

22.     Plaintiff did not sign this e-mail with his real name and did not rebut Mr. Dimpsey for addressing him as "Barry."

23.     Plaintiff filed a subsequent lawsuit against Defendant based off this incident at before the Court of Common Pleas of Centre County, Pennsylvania docket No. 2022-1660.

24.     Plaintiff has since dismissed that action, and has filed the instant class action suit against Defendant.

### COUNTERCLAIM I - FRAUD
### DIRECT BUILDING SUPPLIES V. GERARD JACKSON

25.     Direct Building Supplies, LLC incorporates the foregoing paragraphs as if set forth at length herein.

26.     After suing Direct Building Supplies, LLC a first time for an alleged TCPA involving phone number (814) 238-5007, Plaintiff submitted opt-in data to Defendant's third-party vendor so that he would receive a phone call at phone number (814) 876-0466.

27.     Plaintiff submitted the opt-in data for purposes of manufacturing a TCPA claim against Defendant by inducing Defendant's third-party vendor into calling a number registered to the National Do Not Call Registry.

28.     Defendant placed a call to (814) 876-0466 upon reliance on the opt-in data submitted by Plaintiff that "Barry Johnson," was interested in purchasing solar products.

29.     Defendant has been damaged by Plaintiff's fraudulent action in the form of ongoing fees and costs, prior expenditures, and reputational damage.

WHEREFORE, Defendant, Direct Building Supplies, LLC, respectfully demands that the Court enter judgment in its favor and against Plaintiff, together with costs, attorney's fees, disbursements and any other relief deemed appropriate by this Court.

## JURY TRIAL DEMAND

A jury trial is demanded on all issues triable by a jury.

Respectfully submitted,

**TUCKER ARENSBERG, P.C.**

Dated: January 31, 2024    By /s/ Kevin L. Hall
               Kevin L. Hall, PA I.D. #311826
               300 Corporate Center Drive Suite 200
               Camp Hill, PA 17011
               Phone: (717) 221-7951
               Fax: (717) 232-6802
               khall@tuckerlaw.com
               *Attorneys for Defendant, Direct Building Supplies, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin L. Hall, Esquire, of the law firm of Tucker Arensberg, P.C., hereby certify that I served a true and correct copy of the foregoing document this date through the Court's Electronic Case Filing (ECF) system on the individuals as follows:

Anthony I. Paronich, Esquire
350 Lincoln Street
Suite 2400
Hingham, MA 02043

Jeffrey M. Bower, Esquire
403 South Allen Street
Suite 210
State College, PA 26801

*Attorneys for Plaintiffs*

**TUCKER ARENSBERG, P.C.**

Dated: January 31, 2024          By  /s/ Kevin L. Hall
                                     Kevin L. Hall, PA I.D. #311826
                                     300 Corporate Center Drive Suite 200
                                     Camp Hill, PA 17011
                                     Phone: (717) 221-7951
                                     Fax: (717) 232-6802
                                     khall@tuckerlaw.com
                                     *Attorneys for Defendant, Direct Building Supplies, LLC*