# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, on behalf of himself and others similarly situated, | |
| Plaintiff/Counter-Defendant, | Case No. 4:23-cv-01569 |
| vs. | (Judge Brann) |
| DIRECT BUILDING SUPPLIES, LLC<br>Defendant/Counter-Plaintiff<br>and Third-Party Plaintiff, | |
| vs. | |
| TECHMEDIA GROUP | |
| Third-Party Defendant. | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT
DIRECT BUILDING SUPPLIES, LLC'S COUNTERCLAIM**

In accordance with Rule 12(b)(1), 12(b)(6), and Rule 9(b) of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant Gerard Jackson ("Plaintiff") moves this Court to dismiss Defendant Direct Building Supplies, LLC's counterclaim against him. In accordance with Local Rule 7.5, Plaintiff and Counter-Defendant will submit a brief supporting this motion within fourteen days.

As will be more fully explained in Plaintiff's brief, the Defendant's counterclaim fails to plead fraud with the requisite particularity as required by FED. R. CIV. P. 9(b). As a result, this Court lacks subject matter jurisdiction because Defendant fails to plead that the Defendant has suffered an injury-in-fact because such injury is not "fairly traceable to the challenged action of the [Counter]-Defendant, and not the result of independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). As a result, a decision

1

against Plaintiff is unlikely to redress Defendant's injury, if any, further divesting this Court of jurisdiction. *Id.* For similar reasons, Defendant's counterclaim fails under Rule 12(b)(6) because under that standard, Defendant has not pled any conduct, even if true, which would give rise to a fraud claim, let alone such conduct with the particularity required by Rule 9(b).

Furthermore, no amount of repleading will save the Defendant. Mr. Jackson is not alleged to have done anything procedurally or substantively improper—all he has done is investigate who called him and filed a complaint for damages under the TCPA. Indeed, the Defendant filed a third-party complaint against its lead vendor, TechMedia Group, alleging breach of contract and seeking contractual and common law indemnification as a result of having sold the Defendant an improperly-sourced lead. Evidently, the Defendant is upset that the Plaintiff has asserted his rights under the TCPA as a result. If Defendant ultimately wants to try to assert the affirmative defense of consent for calls that Mr. Jackson received, it is free to do so as the litigation proceeds. This Court cannot let the Defendant weaponize this affirmative defense into a counterclaim.

WHEREFORE, Plaintiff requests this Honorable Court dismiss the counterclaim against Mr. Jackson with prejudice under Rules 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Jeffrey M. Bower, Esq.*
BOWER LAW ASSOCIATES, PLLC
403 South Allen Street, Suite 210
State College, PA  16801
(814) 234-2626 Telephone
(814) 237-8700 Facsimile
jbower@bower-law.com

PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
*Pro Hac Vice*

*Attorneys for Plaintiff and proposed class*

## CERTIFICATE OF NON-CONCURRENCE

Pursuant Local Rule 7.1, counsel for Plaintiff sought the concurrence of counsel for Defendant Direct Building Supplies, LLC in the filing of the instant Motion. Counsel for Defendant opposes the Motion.

                                                                 **BOWER LAW ASSOCIATES, PLLC**

Dated: Feb. 20th, 2024                   By:    */s/ Jeffrey M. Bower, Esq*
                                                                             403 South Allen Street, Suite 210
                                                                             State College, PA  16801
                                                                             (814) 234-2626 Telephone
                                                                             (814) 237-8700 Facsimile
                                                                             jbower@bower-law.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February 2024, a true and correct copy of the above MOTION TO DISMISS was filed with the Court's ECF/PACER Electronic filing system, where it was available for immediate viewing and download by all counsel of record.

Dated: February 20th, 2024.

By: */s/ Jeffrey M. Bower*
Jeffrey M. Bower, Esq.
*Counsel for Plaintiff*
