# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT BUILDING SUPPLIES LLC d/b/a RENU SOLAR,<br><br>Defendant. | No. 4:23-CV-01569<br><br>(Chief Judge Brann) |
| DIRECT BUILDING SUPPLIES LLC d/b/a RENU SOLAR,<br><br>Third Party Plaintiff,<br><br>v.<br><br>TECH MEDIA GROUP,<br><br>Third Party Defendant. | |

## MEMORANDUM OPINION AND ORDER

### APRIL 21, 2025

On February 8, 2024, Direct Building Supplies, LLC ("DBS") filed a third-party complaint against TechMedia Group ("TechMedia").[1] TechMedia has failed to respond at all in this suit. Accordingly, the Clerk of Court entered default against

---

[1]   Third-Party Compl., Doc. 30.

TechMedia on June 17, 2024.[2] DBS then moved for default judgment on February 14, 2025.[3] Still, TechMedia has refused to respond. That motion is therefore now ripe for disposition; for the reasons that follow, it is denied without prejudice.

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[4] It is "well settled that decisions relating to default judgments are committed to the sound discretion of the district court."[5] When deciding this motion, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[6] Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[7]

The third-party complaint asserts three causes of action: a contractual indemnification claim (Count I); a common law indemnification claim (Count II); and a breach of contract claim (Count III). These claims are premised upon TechMedia's breach of its obligations in the 2021 Confidentiality, Non-Disclosure and Indemnification Agreement for Marketing Channel Partner ("the Agreement") and its purported need to indemnify DBS.

---

[2]  Clerk's Entry of Default, Doc. 43.

[3]  Motion for Default Judgment, Doc. 45.

[4]  FED. R. CIV. P. 55(b)(2).

[5]  *Pesotski v. Summa & Lezzi, Inc.*, No. 1:17-cv-00221, 2017 WL 3310951 at *2 (M.D. Pa. Aug. 3, 2017).

[6]  *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).

[7]  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

The relevant portion of the Agreement states:

"Recipient agrees to defend, indemnify and hold harmless ReNu[8] from and against any and all claims, damages, liabilities, losses, judgments, costs, and attorney fees arising directly out of, or relating to Recipient's breach of this Agreement, violation of applicable law, gross negligence or willful misconduct in engaging in the marketing, promoting, developing, researching, investigating, designing, producing, manufacturing, distributing, licensing, selling or making other commercial use of the Materials, including but not limited to:

(1) a breach of ReNu's representations, covenants and/or warrants; and/or

(2) violation of any/all applicable foreign, federal, state or local laws, rules or regulations (including, without limitation, any State or Federal Do Not Call regulations (DNC), the CAN SPAM Act of 2003, California's Anti-Spam Act, Cal. Bus. & Prof. Code §§ 17529 et seq. ("California Anti-Spam Act"), the Telephone Consumer Protection Act ("TCPA"), and the Telemarketing Sales Rule ("TSR"), including, but not limited to, failure to obtain proper prior express written consents from individuals for use of Billable Lead Information as contemplated by this Agreement); and/or

(3) violation of any third-party copyright, patent, trademark, or other third-party intellectual property rights.

Notwithstanding the foregoing, ReNu shall have the right, in its absolute discretion and at its sole cost, to employ attorneys of its own choice and to institute or defend any claim for which ReNu has a right to be indemnified.[9]

But this motion for default judgment is premature. DBS's contractual indemnification and common law indemnification claims hinge upon "the event that Plaintiff should receive any judgment against DBS for damages for Plaintiff's

---

[8]    DBS does business as ReNu. Brief in Support, Doc. 46, the Agreement, Ex. B.
[9]    *Id.*

alleged injuries sustained . . . ."[10] While the scope of the indemnification provision is rather expansive,[11] the relevant triggering events have yet to occur. After all, the Pennsylvania Supreme Court has observed that "[w]here the indemnity is against liability, there is a right to recovery as soon as liability is incurred. Where it is against loss by reason of liability, there is no right of recovery until a loss occurs."[12] As DBS has incurred neither loss nor liability, indemnification would be premature. The requested damages hearing, meant "to determine the amount of Plaintiff, Gerard Jackson's, relief[,] if any, pursuant to the" TCPA "as related to TechMedia's liability to him," reinforces this conclusion.[13]

The breach of contract claim is similarly dependent on "the extent the allegations in the First Amended Complaint are true . . . ."[14] Until these allegations are admitted or adjudged to be true, it cannot be said that TechMedia breached the Agreement. As such, the Court will deny DBS's motion without prejudice to allow DBS to move again for default judgment should it prove necessary.

---

[10]    Doc. 30 ¶¶ 14, 17.

[11]    The Court recognizes that the scope of the indemnification provision includes defending and indemnifying for all claims, costs, and attorneys fees "arising directly out of or relating to" TechMedia's violation of the TCPA. Doc. 46, Ex. B. But the agreement also specifically reserves for DBS the "right, in its absolute discretion and at its sole cost, to employ attorneys of its own choice and to institute or defend any claim for which" it "has a right to be indemnified." *Id*. Without any representation from DBS as to what avenue it is pursuing, the Court is unwilling to speculate on this issue.

[12]    *Coleman v. City of Bradford*, 204 A.2d 260, 261 (Pa. 1964).

[13]    Doc. 46 at 6.

[14]    Doc. 30 ¶ 20.

In accordance with the above, **IT IS HEREBY ORDERED** that Third Party

Plaintiff Direct Building Supplies, LLC's Motion for Default Judgment (Doc. 45)

is **DENIED WITHOUT PREJUDICE**.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge