IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERARD JACKSON, ON BEHALF OF
HIMSELF AND OTHERS SIMILARLY
SITUATED

      Plaintiff/Counter-Defendant,

vs.

DIRECT BUILDING SUPPLIES, LLC
      Defendant/Counter-Plaintiff
      and Third-Party Plaintiff,

vs.

TECHMEDIA GROUP

      Third-Party Defendant.

Case No. 4:23-cv-01569

## JOINT CASE MANAGEMENT PLAN

Plaintiff Gerard Jackson ("Plaintiff") and Defendant/Third-Party Plaintiff Direct Building Supplies LLC d/b/a Renu Solar ("Defendant" or "Renu Solar"), by and through their respective undersigned counsel, respectfully submit this Joint Case Management Plan pursuant to Local Rule 16.3 and this Court's May 8, 2026 Order (ECF No. 49).

## 1.   Principal Issues

**1.1    Separately for each party, please give a statement summarizing this case:**

**By plaintiff(s):**

Plaintiff Gerard Jackson alleges that Defendant Direct Building Supplies LLC d/b/a Renu Solar engaged in a sustained, repeated, and willful pattern of

1

unlawful telemarketing in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R. § 64.1200. Plaintiff's residential telephone number has been registered on the National Do Not Call Registry for more than a year preceding the calls at issue, was never associated with any business, and was never provided to the Defendant. Despite this, the Defendant placed multiple unsolicited telemarketing calls to the Plaintiff promoting its residential solar electric products and installation services.

The egregious nature of the Defendant's conduct is demonstrated by the fact that the Defendant continued to make telemarketing calls to the Plaintiff even after the Plaintiff filed a prior lawsuit against the Defendant in 2021 for the same conduct. Specifically, after that 2021 action, the Defendant placed at least four *additional* telemarketing calls to the Plaintiff on July 5, July 19, August 1, and September 8, 2023, each promoting the Defendant's solar services.

Based on this conduct, Plaintiff pleads the following class:

> **National Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of the Defendant (3) within a 12- month period, (4) from four years prior the filing of the Complaint.

Plaintiff seeks statutory damages of $500 per call, trebled to $1,500 per call for willful or knowing violations, together with injunctive relief and class certification under Federal Rule of Civil Procedure 23(b)(2) and (b)(3). Defendant has joined Tech Media Group as a Third Party Defendant.

**By defendant(s):**

2

Plaintiff, Gerard Jackson, brings this lawsuit on behalf of himself and a purported nationwide class of individuals allegedly harmed by Defendant, Direct Building Supplies, LLC ("Defendant") concerning purported calls to phone numbers on the National Do Not Call Registry.  Plaintiff has filed nearly 20 lawsuits alleging violations of the TCPA since 2018, asserting violative calls had been placed to him at several different telephone numbers.

In the instant lawsuit, Plaintiff alleges he was contacted on his cell phone number in violation of, among other things, the TCPA.  Prior to Plaintiff receiving any calls from Defendant, Plaintiff consented to being contacted by submitting "opt-in" data requesting a phone call regarding solar products.  Plaintiff indicated that his name was "Barry Johnson" and provided his phone number, and an address of 216 Hickory Road, State College, PA 16801.  Having received consent to contact Plaintiff, Defendant's third-party vendor contacted Plaintiff.  During this call, Plaintiff responded to the names "Barry," and "Mr. Johnson," and feigned an interest in purchasing solar products from Defendant. Plaintiff requested an at home appointment with Defendant to purchase solar products.  After confirming the appointment, Plaintiff asked Defendant to send him an e-mail regarding the details of Defendant's company to the "bluebird3224@gmail.com," address so that Plaintiff could "review the company performing the work."  Defendant's representative then sent an e-mail to Plaintiff confirming the appointment.  In response, Plaintiff sent an e-mail stating he was no longer interested in Defendant's products and asking that Defendant provide him a written copy of their "do-not-call," policy.  Upon information and belief, Plaintiff submitted the opt-in data solely for purposes of manufacturing a TCPA claim against Defendant by inducing Defendant's third-party vendor into calling a number registered to the National Do Not Call Registry.

## 1.2    The facts the Parties <u>dispute</u> are as follows:

The Parties dispute whether the Plaintiff committed any fraudulent conduct or consented to the subject calls, as defined by applicable TCPA regulatory guidance and case law. The Parties dispute the total number of telemarketing calls placed by or on behalf of Defendant to Plaintiff and to numbers on the National Do Not Call Registry within the class period. The Parties further dispute whether Defendant's violations were negligent, willful, or knowing for purposes of treble damages

under 47 U.S.C. § 227(c)(5). The parties further dispute whether Defendant placed the calls it has admitted to placing, including in this Plan, and which partially forms the basis for its countersuit.

**The facts the Parties <u>agree</u> upon are as follows:**

**1.3   The legal issues the Parties <u>dispute</u> are as follows:**

- Whether Defendant is liable under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) for telemarketing calls placed to numbers on the National Do Not Call Registry.
- Whether Defendant is liable for the conduct of Tech Media Group.
- Whether Defendant's violations were committed willfully or knowingly so as to support trebled statutory damages.
- Whether the proposed National Do Not Call Registry Class satisfies the requirements of Rule 23(a) and (b)(2)/(b)(3).
- Whether and to what extent Defendant is entitled to indemnification or contribution from Third Party Defendant Tech Media Group.

**The legal issues the Parties <u>agree</u> upon are as follows:**

The Parties agree that this Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. The Parties further agree that personal jurisdiction and venue are proper in this District.

**1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

There are no unresolved issues as to service of process. Defendant Tech Media Group is in default.

**1.5   Identify any named Parties that have not yet been served:**

4

None.

**1.6    Identify any additional Parties that:**

plaintiff(s) intends to join:

None at this time.

defendant(s) intends to join:

None at this time.

**1.7    Identify any additional claims that:**

plaintiff(s) intends to add:

None at this time. Plaintiff reserves all rights.

defendant(s) intends to add:

None at this time.  Defendant reserves all rights.

**2.0    Disclosures**

**The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.**

The Parties have not yet exchanged Rule 26(a)(1) initial disclosures and will do so within the time provided under the Rule, which would be 14 days after the Parties' Rule 26(f) conference.

**2.1    Separately for each party, list by name and title/position each person whose identity has been disclosed.**

5

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Gerard Jackson | Plaintiff |
| Various telephone carriers | Carriers for the calls to Plaintiff |
| Various Employees of Defendants | Knowledge of calls, lead generation practices, and any putative consent, or lack thereof. |
| "Edmund" | Knowledge of calls. |
| Jacob Dimpsey | Knowledge of calls. |
| Jacob Dimpsey | Knowledge of calls. |

Disclosed by <u>Defendant</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Gerard Jackson | Plaintiff |

**3.0    Early Motions**

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
| --- | --- | --- |
| Motion for Class Certification | Plaintiff | *See* § 6.0 |
| Motion for Denial of Class Certification | Defendant | Close of Discovery pertaining to Plaintiff |
| Motion for Summary Judgment | Defendant | |

**4.0    Discovery**

**4.1    Briefly describe any discovery that has been completed or is in progress:**

By plaintiff(s):

Plaintiff intends to serve his initial discovery to the Defendant.

By defendant(s):

Defendant intends to serve initial discovery to the Plaintiff.

**4.2    Describe any <u>discovery</u> that all <u>Parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

The Parties agree that discovery should proceed on in accordance with

Federal Rule of Civil Procedure 26 and the deadlines proposed in Section 6.0 of

7

this Plan. Plaintiff will pursue discovery into: (i) Defendant's telemarketing policies, practices, and DNC scrubbing procedures; (ii) Defendant's relationship with Tech Media Group and any other lead generation or telemarketing vendors who placed calls or provided leads promoting Defendant's products or services; (iii) the records of all outbound telemarketing calls placed by or on behalf of Defendant during the four year class period, including the underlying call detail records and dialer logs; and (iv) any consent records or sources purportedly authorizing the calls at issue.

Defendant will pursue information and documents pertaining to whether Plaintiff consented to be called, the nature of why and how Plaintiff used different names to allow for said consent, and the ability of Plaintiff to stand as a class representative. Defendant will also pursue discovery from third party defendant Tech Media. Defendant intends to request bi-furcation of class discovery. Plaintiff expressly opposes any proposed bifurcation and notes that this is disputed, not a point of agreement.

    **4.3    Describe any <u>discovery</u> that one or more Parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

Plaintiff intends to pursue class discovery at the outset of the litigation. Defendant intends to request bifurcation of class discovery, particularly in light of the fraud

claims against Plaintiff that call into question his ability to serve as a class

representative. Defendants contest that Plaintiff has proposed an improper number

of Requests for Admission and Requests for Production.

> **4.4    Identify any <u>subject area limitations on discovery</u> that one or more Parties would like imposed, at the first stage of or throughout the litigation:**

Defendant requests a bifurcation of discovery based on the claims involved in this action.  Specifically, in light of Defendant's counter-claims for fraud, Defendant requests that individualized discovery take place as to whether Plaintiff himself has a claim and whether he can meet the standards for standing as a class representative.  In the event this court determines that Plaintiff can represent the class, class discovery may proceed.

Plaintiff's statement:

The basis for the Defendant's request for bifurcation rests on the fundamentally flawed and unfair premise that the question will be more easily answered on an individualized, as opposed to a classwide, basis. It will not. In Defendant's world, it should be permitted to seek its desired discovery, including regarding its counterclaims, first, before the Plaintiff has the opportunity to seek class discovery.

Moreover, there is no basis to bifurcate based on whether the calls at issue were placed with consent because there is no indication that the Defendant's marketing and telecommunications strategy operated in a materially different way with respect to other class members as opposed to the Plaintiff, such as alleged here. In other words, the individualized merits discovery as to consent, and its answers will look at the *same evidence* (or lack thereof) with respect to Plaintiff and the entire class.

As such, the questions and evidence surrounding whether any purported consent will apply as equally to all other class members as the Plaintiff. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL

596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst."). As another federal court held when denying a motion to bifurcate discovery in a TCPA case: "[b]ecause individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025).

It further bears mentioning that <u>this Court</u> has already ruled on this very issue in a TCPA case. In *Hartley-Culp v. Credit Mgmt. Co.*, this Court observed that "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." No. 3:CV-14-0282, 2014 WL 4630852, at *4 (M.D. Pa. Sept. 15, 2014). This point is particularly salient here since the parties have done nothing for the better party of a year. Defendant's bifurcation proposal would thus simply serve to protract already extended litigation.

Indeed, as another Court in Texas held recently while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the significant overlap between merits and class certification discovery in a TCPA case while providing an overview of relevant case law, noting that bifurcation is often contrary to judicial economy and promotes needless discovery disputes:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).
>
> And "[f]requently that 'rigorous analysis' will entail some overlap with the

merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S.

Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). This Court should hold the same.

**4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the Parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s): <u>10</u>      defendant(s): <u>10</u>

4.5.2 interrogatories to be served by:

plaintiff(s): <u>25</u>          defendant(s): <u>25</u>

4.5.3   document production requests to be served by:

plaintiff(s): <u>50</u>          defendant(s): <u>50</u>

4.5.4   requests for admission to be served by:

plaintiff(s): <u>75</u>          defendant(s): <u>25</u>

**4.6    Discovery of Electronically Stored Information**

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

To the extent possible, electronic production will take place in its native form.

## 5.0    Protective Order

**5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

The Parties anticipate that a standard Rule 26(c) protective order governing the confidentiality of documents and information produced in discovery in this case may be necessary. The Parties intend to confer in good faith about such an order in due course, and will submit it for the Court's consideration.

**5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

None.

## 6.0    Scheduling

Consistent with this Court's May 8, 2026 Order and the May 2026 row of Chief Judge Brann's 2027 Calendar, the Parties propose the following case management deadlines:

13

6.1     Final date for joining additional Parties:

July 31, 2026

6.2     Final date for amending pleadings:

July 31, 2026

6.3     All fact discovery commenced in time to be completed by:
January 4, 2027

6.4     All potentially dispositive motions **(including motions for class certification)** should be filed by March 4, 2027

6.5     Reports from retained experts due:

from plaintiff(s) by June 4, 2027

from defendant(s) by July 6, 2027

6.6     Supplementations due  July 20, 2027

6.7     All expert discovery commenced in time to be completed by  August 6, 2027

6.8     This case may be appropriate for trial in approximately:

N/A Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference:

August 30, 2027 (month/year)

6.10   Trial

6.10.1 Suggested Date for Trial:

14

<u>October 2027 </u>(month/year)

## 7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

Gerard Jackson c/o Andrew Roman Perrong, Esq.
Plaintiff
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529

Adam Thau,
Direct Building Supplies, LLC c/o Kevin Hall
300 Corporate Center Drive, Suite 200
Camp Hill, Pa 17011
717-221-7951

## 8.0 Alternative Dispute Resolution ("ADR")

**8.1    Identify any ADR procedure to which this case already has been assigned or which the Parties have agreed to use.**

None

**8.2    If the Parties have been unable to agree on an ADR procedure, but one or more Parties believe that the case is appropriate for such a procedure, identify the party or Parties that recommend ADR and the specific ADR process recommended:**

The parties agree that ADR may be beneficial to the resolution of this matter.  However, the parties do not agree to the type of ADR.

Plaintiff suggests private ADR.

15

Defendant suggests using a Magistrate Judge for a settlement conference.

**8.3   If all Parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

**N/A**

## 9.0   Consent to Jurisdiction by a Magistrate Judge

**Indicate whether all Parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

All Parties agree to jurisdiction by a magistrate judge of this court: <u>No</u>.

If Parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    \_\_\_ Scranton/Wilkes-Barre
    \_\_\_ Harrisburg
    \_\_\_Williamsport

## 10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

## 11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies

and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated:        05/13/2026 Andrew Roman Perrong
                        Attorney(s) for Plaintiff(s)
                X      ECF User(s)
                   Waiver requested (as separate document)
                   Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:        5/18/2026 -          Kevin L. Hall, Esquire
                                   Kasey D. Bolton, Esquire
                X      ECF User(s)
                   Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

Dated: May 26, 2026          Respectfully submitted,

*/s/ Andrew Roman Perrong*
ANDREW ROMAN PERRONG
(PA Bar # 333687)
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529
Fax: 888-329-0305
a@perronglaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I am causing the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

Dated: May 26, 2026                    */s/ Andrew Roman Perrong*